IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

TYLER JOHNSON, et al., :
Individually and on behalf of :
similarly situated employees
    v. : Civil Action No. DKC 18-3276
:
HELION TECHNOLOGIES, INC.
:
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

HELION TECHNOLOGIES, INC. :

    v. : Civil Action No. DKC 19-0036

TYLER JOHNSON :

**MEMORANDUM OPINION**

Tyler Johnson, along with three other plaintiffs, commenced an action in this court under the Fair Labor Standards Act against Helion Technologies, Inc. Instead of filing a counterclaim here, Helion Technologies, Inc. filed an action in Maryland state court against Mr. Johnson for negligence and breach of contract. Mr. Johnson removed that action to this court, asserting federal question jurisdiction because, "[w]hen a lawsuit is filed with a retaliatory motive and without a reasonable basis in fact or law, it represents a prima facie case of unlawful retaliation under the FLSA. *Darveau v. Detecon, Inc.*, 515 F.3d 334, 341 (4th Cir. 2008)."

When the removed action (and another removed action) reached this court, they were filed as separate actions before different

judges.  A motion to consolidate was filed and one of the judges granted the motion, directing that all future filings be made in the FLSA case.  The cases were then all assigned to this member of the bench.  For the reasons that follow, Civil Action No. 19-0036 will be severed from the FLSA case, and remanded to the Circuit Court.

Helion has moved to remand, arguing that federal question removal jurisdiction is not presented on the face of its state court complaint, making removal improper.  Mr. Johnson opposes remand with a multi-part argument.  First, he asserts that Helion's state law claims should be treated as compulsory counterclaims.  Second, he argues that this court has supplemental jurisdiction over the claims.  Helion's reply suggests that Mr. Johnson's arguments should not be considered because the notice of removal only asserted federal question jurisdiction, and that they lack merit in any event.

Under 28 U.S.C § 1441(a), "a civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants."  The burden of demonstrating jurisdiction, and the propriety of removal, rests with the removing party.  *Dixon v. Coburg Dairy, Inc.*, 369 F.3d 811, 815 (4th Cir. 2004).  "On a motion

to remand, the court must strictly construe the removal statute and resolve all doubts in favor of remanding the case to state court, indicative of the reluctance of federal courts to interfere with matters properly before a state court." *Wittstadt v. Reyes*, 113 F.Supp.3d 804, 806 (D.Md. 2015) (citing *Barbour v. Int'l. Union*, 640 F.3d 599, 615 (4th Cir. 2011) (en banc), *abrogated by statute on other grounds by* 28 U.S.C. § 1446(b)(2)(B)) (internal quotations omitted).

The removal statute provides, in relevant part:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a). Federal district courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Such jurisdiction arises from "those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27–28

(1983); *see also In re Blackwater Sec. Consulting, LLC*, 460 F.3d 576, 584 (4th Cir. 2006) ("[A]ctions in which defendants merely claim a substantive federal defense to a state-law claim do not raise a federal question."). In determining the propriety of removal, courts generally look to the face of the underlying pleading. *See Jacob v. Hinds*, No. DKC 10-2103, 2010 WL 3782008, at *2 (D.Md. Sept. 23, 2010) (citing *American Fire and Casualty Co. v. Finn*, 341 U.S. 6, 14 (1951)).

In a novel approach to removal, Mr. Johnson argues that the removed action could have been filed here as a counterclaim to his pending FLSA action and thus fits within the removal statute. The defect in that logic is that the action removed must be within this court's **original**, and not **supplemental**, jurisdiction. The purported counterclaim, compulsory or not, is not within this court's original federal question (or diversity) jurisdiction and thus is not removable. The case cited is not to the contrary. The appellate court in *Darveau v. Detecon, Inc.*, 515 F.3d 334 (4th Cir. 2008), merely recognized that the action had been removed and was alleged to be retaliatory. There was no issue presented as to the propriety of removal and, as pointed out by Helion here, the parties to the removed counterclaim appear to have been diverse, and the amount sought satisfied the jurisdictional threshold

necessary for federal diversity jurisdiction.  If Mr. Johnson contends that the filing of this action against him in state court constitutes retaliation, he may seek leave to amend his FLSA complaint.

A separate order will be entered, severing 19-0036 and remanding that action to the Circuit Court.

                                                  /s/
                          DEBORAH K. CHASANOW
                        United States District Judge