IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

TYLER JOHNSON, et al.,          :
Individually and on behalf of   :
similarly situated employees

     v.                     :   Civil Action No. DKC 18-3276

                               :

HELION TECHNOLOGIES, INC.
                               :

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this employment collective action is the joint motion for approval of acceptance of offer of judgment and entry of judgment filed by Defendant Helion Technologies, Inc., and Plaintiff Matt Willis. (ECF No. 34). The issues have been briefed, and the court now rules, no hearing being deemed necessary. Local Rule 105.6. Because the proposed offer and acceptance of judgment represent a fair and reasonable resolution of a *bona fide* FLSA dispute, the motion will be granted.

**I.  Background**

Plaintiffs, Tyler Johnson and William Toomey, filed a complaint on behalf of themselves and those that are similarly situated on October 23, 2018. (ECF No. 1). The complaint alleges that Defendant "improperly classified them as exempt employees and/or failed to pay them overtime wages in violation of the" Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*; the Maryland

Wage and Hour Law ("MWHL"), Md.Code Ann., Lab. & Empl. § 3-401, *et seq.*, and the Maryland Wage Payment and Collection Law ("MWPCL"), Md. Code, LE § 3-501 *et seq.* (ECF No. 34-1, at 2; ECF No. 1). Plaintiff, Matt Willis, filed a notice of consent to become a party-plaintiff on October 24, 2018. (ECF No. 3).

"On December 14, 2018, Helion's counsel sent to Mr. Willis' counsel an Offer of Judgment to be presented to Mr. Willis[.]" (ECF No. 34-1, at 2). The offer proposed "to allow judgment to be entered against Defendant, and in favor of Plaintiff Willis, in the total amount of $5,700.00, exclusive of attorneys['] fees and costs[.]"[1] (ECF No. 34-2, at 4). "On December 27, 2018, Mr. Willis, through his counsel, informed Helion's counsel that he had decided to accept the Offer." (ECF No. 34-1, at 2). "Thereafter, the Parties . . . determined that $6,112.00 is an appropriate amount of attorneys' fees and costs to allocate to work performed for Mr. Willis[] in this matter by his counsel." (*Id.*). "Based on that determination," (ECF No. 34-1, at 2) Plaintiff Willis accepted the Rule 68 offer on February 5, 2019, (ECF No. 34-3).

---

[1] The judgment offer and acceptance refer to $5,700.00. The parties indicate, however, that this sum is the total of "$2,850.00 of wages and $2850[.00] of liquidated damages." (ECF No. 34-1, at 2).

## II. Analysis

Judge Hazel outlined the proper interplay between the FLSA and Rule 68 in *Banegas v. Gen. Lawn Serv. Corp.*, No. 13-cv-3728-GJH, 2014 WL 12740666, at *1 (D.Md. July 17, 2014):

> Federal Rule of Civil Procedure 68(a) instructs the court to enter judgment after receiving an accepted offer of judgment. However, the [FLSA] . . . does not permit settlement or compromise except with (1) supervision by the Secretary of Labor or (2) a judicial finding that the settlement reflects "a reasonable compromise of disputed issues" rather than "a mere waiver of statutory rights brought about by an employer's overreaching." *Lynn's Food Stores, Inc. v. U.S.*, 679 F.2d 1350, 1354 (11th Cir. 1982); *see also Lopez v. NTI, LLC*, 748 F.Supp.2d 471 (D.Md. 2010) (explaining that courts assess FLSA settlements for reasonableness). Accordingly, the FLSA modifies Rule 68(a) such that in claims filed under the FLSA, the court will enter judgment when presented with an offer and acceptance only after the court is satisfied that the settlement is a reasonable compromise.

*Accord Umana v. JMD Restaurants, Inc.*, No. 18-cv-290-PX, 2018 WL 4829178, at *1 (D.Md. Oct. 4, 2018); *Acevedo v. Phoenix Pres. Grp., Inc.*, No. 13-cv-3726-PJM, 2015 WL 6004150, at *2 (D.Md. Oct. 8, 2015); *Reyes v. Clime*, No. 14-cv-1908-PWG, 2015 WL 3644639, at *4 (D.Md. June 8, 2015).

Although the United States Court of Appeals for the Fourth Circuit has not directly addressed the factors to be considered in

deciding whether to approve such settlements, district courts in this circuit typically employ the considerations set forth by the United States Court of Appeals for the Eleventh Circuit in *Lynn's Food Stores*. *See*, *e.g.*, *Duprey v. Scotts Co. LLC*, 30 F.Supp.3d 404, 407-08 (D.Md. 2014); *Lopez*, 748 F.Supp.2d at 478. An FLSA settlement generally should be approved if it reflects "a fair and reasonable resolution of a *bona fide* dispute over FLSA provisions." *Lynn's Food Stores*, 679 F.2d at 1355. Thus, as a first step, the *bona fides* of the parties' dispute must be examined to determine if there are FLSA issues that are "actually in dispute." *Id.* at 1354. Then, as a second step, the terms of the proposed settlement agreement must be assessed for fairness and reasonableness, which requires weighing a number of factors, including:

> (1) the extent of discovery that has taken place; (2) the stage of the proceedings, including the complexity, expense and likely duration of the litigation; (3) the absence of fraud or collusion in the settlement; (4) the experience of counsel who have represented the plaintiffs; (5) the opinions of counsel . . . ; and (6) the probability of plaintiffs' success on the merits and the amount of the settlement in relation to the potential recovery.

*Hackett v. ADF Rest. Investments*, 259 F.Supp.3d 360, 365 (D.Md. 2016) (quoting *Saman v. LBDP, Inc.*, No. 12-cv-1083-DKC, 2013 WL 2949047, at *3 (D.Md. June 13, 2013)); *see also Duprey*, 30

F.Supp.3d at 408, 409. Finally, where a proposed settlement of FLSA claims includes a provision regarding attorneys' fees, the reasonableness of the award must also "be independently assessed, regardless of whether there is any suggestion that a 'conflict of interest taints the amount the wronged employee recovers under a settlement agreement.'" *Lane v. Ko-Me, LLC*, No. 10-cv-2261-DKC, 2011 WL 3880427, at *3 (Aug. 31, 2011) (citation omitted).

### A. *Bona Fide* Dispute

"In deciding whether a *bona fide* dispute exists as to a defendant's liability under the FLSA, courts examine the pleadings in the case, along with the representations and recitals in the proposed [ ] agreement." *Duprey*, 30 F.Supp.3d at 408. Here, there is a *bonda fide* dispute. Plaintiff Willis "filed a notice of consent, alleging that Helion owed him overtime compensation." (ECF Nos. 34-1, at 4; 3). Helion alleges that it "reviewed its internal records and determined that [it] . . . did not owe Mr. Willis overtime compensation and that, even assuming it owed Mr. Willis any overtime compensation, the amount owed was less than

$1,000.00." (ECF No. 34-1, at 4).[2] Thus, a *bona fide* dispute exists.

## B. Fairness & Reasonableness

Upon review of the parties' submissions and after considering the relevant factors, the offer of judgment appears to be a fair and reasonable compromise of the parties' *bona fide* dispute. Plaintiff Willis does not specifically allege how much overtime compensation he is owed. Defendant indicates, however, without contradiction by Plaintiff, that the offer of judgment is exceedingly generous. Defendant alleges that "even if it owed Mr. Willis overtime compensation, the maximum number of hours for which it could possibly owe him such compensation is fewer than five (5) and that the maximum amount of overtime compensation that it could possibly owe Mr. Willis, given his rate of pay, was well under $1,000.00." (ECF No. 34-1, at 4). As the parties agree, "[i]n an effort to resolve Mr. Willis' claims against it expeditiously, Helion, in the Judgment Offer, offered to have judgment entered against it for $5,700.00 (exclusive of attorneys' fees and costs) — an amount that exceeds, by a factor of approximately 4 or 5, the amount that it could possibly owe Mr. Willis." (*Id.*). The parties

---

[2] Plaintiff Willis does not allege how many hours of overtime worked, or the amount of overtime compensation owed.

also note, that "[b]y avoiding a formal discovery period, monies and resources that may otherwise have been consumed by the litigation are available for resolution of Mr. Willis' claims[.]" (*Id.*). Further, "there is no evidence of fraud or collusion on the part of either party" and counsel "have had sufficient opportunity to review the pleadings, gather information, negotiate, and advise their clients of the risks associated with continuing litigation." (ECF No. 34-1, at 5). Thus, the $5,700.00 offer of judgment appears to be a fair and reasonable compromise of the parties' *bona fide* dispute.

## C. Attorneys' Fees and Costs

Finally, attorneys' fees and costs must also be assessed for reasonableness.

> In assessing the reasonableness of the fee, courts typically refer to the principles of the traditional lodestar method as a guide, even when the attorneys fees are based on a contingency fee. An attorneys fee award negotiated pursuant to a contingent-fee arrangement can be approved if a court finds that (1) the fees were negotiated separately from the damages, so that they do not infringe on the employee's statutory award, and (2) they are reasonable under the lodestar approach.

*Hackett*, 259 F.Supp.3d at 367 (internal citations omitted). The starting point in the lodestar calculation is multiplying the

number of hours reasonably expended by a reasonable hourly rate. *Robinson v. Equifax Info. Servs., LLC*, 560 F.3d 235, 243 (4th Cir. 2009). "An hourly rate is reasonable if it is 'in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.'" *Duprey*, 30 F.Supp.3d at 412 (quoting *Blum v. Stenson*, 465 U.S. 886, 890 n.11 (1984)). This court has established presumptively reasonable rates in Appendix B to its Local Rules.

The parties propose that "$6,112.00 is an appropriate amount of attorneys' fees and costs to allocate to work performed for Mr. Willis[] in this matter by his counsel." (ECF No. 34-1, at 5). The parties support this calculation by noting that "[a]t the time the Offer was made, a total of 112.88 hours were spent by Plaintiffs' counsel in preparing the case, for a fee total of $24,447.50." (*Id.*). Counsels' hourly rates are not provided; however, these figures calculate to an hourly rate of $216.58. Even at the minimum compensation rate of $150 set forth in Appendix B, however, Counsel's fee total would be $16,932.00. Although counsel do not specifically provide their hourly rates, skill, experience, or reputation, the parties agree that "counsel . . . are experienced in this type of matter[,]" signifying that they may warrant a compensation rate over the minimum $150. Further,

8

as one judge in this district noted, Plaintiff's counsel, Benjamin L. Davis, III, has "handled 'numerous' prior wage-related lawsuits[.]" *Chado v. Nat'l Auto Inspections. LLC*, No. 17-cv-2945-ADC, 2018 WL 3420018, at *8 (D.Md. July 13, 2018).

Thus, even without assessing counsels' precise experience and hourly rate, it is clear that the total attorneys' fees in the amount of $6,112.00 are reasonable and below the customary fee in Maryland for the legal work involved.

## III. Conclusion

For the foregoing reasons, the joint motion for approval of acceptance of offer of judgment and entry of judgment will be granted. A separate order will follow.

_____/s/_____
DEBORAH K. CHASANOW
United States District Judge
