**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Northern Division**

| | |
|---|---|
| TYLER JOHNSON, et al. | * |
| Plaintiffs | * |
| v. | *  **CIVIL NO. 1:18-cv-03276-DKC** |
| | * |
| HELION TECHNOLOGIES, INC. | * |
| Defendant | * |
| | * |
| * * * * * * | |
| HELION TECHNOLOGIES, INC. | * |
| Counter-Plaintiff | * |
| v. | * |
| WILLIAM TOOMEY | * |
| Counter-Defendant | * |

***SUPPLEMENTAL MEMORANDUM OF HELION
TECHNOLOGIES, INC. IN OPPOSITION TO PLAINTIFFS'
MOTION FOR CONDITIONAL CERTIFICATION***

During the time period since the parties initially briefed the conditional-certification issue,[1] two additional factors disfavoring certification have developed. Those factors are:

---

[1] That briefing includes the memorandum which Plaintiffs have in support of the motion for conditional certification (the "Motion Memorandum")(ECF No. 11-1), Helion's memorandum in opposition thereto (the "Opposition Memorandum")(ECF No. 21), and Plaintiffs' ensuing reply memorandum (the "Reply Memorandum")(ECF No. 24).

1. Helion has asserted against Plaintiff Toomey a counterclaim alleging that Toomey drove a company vehicle on personal errands and spent many purported work hours on personal frolics. ECF No. 41, at 19-21.

2. Former Plaintiff Matthew Willis has accepted an offer of judgment and is no longer a Plaintiff in this action. ECF No. 34.

It is not Helion's contention that the mere presence of a counterclaim, or the acceptance by a plaintiff of a judgment offer, automatically dooms a conditional-certification motion. Helion does contend, however, that manageability is part of the conditional-certification calculus and that its counterclaim against Toomey and Willis' exit are manageability factors that, when considered together with the others factors disfavoring certification, warrant denial of certification.

This Court has recognized manageability as a relevant factor in this context. *See Archer v. Freedmont Mortgage Corp.*, 2013 WL 93320, at *3-4 (D. Md. 2013)(considering manageability as a factor in conditional-certification analysis and holding that conditional certification in the case before it would require the parties, Court, and maybe a jury "to engage in an unmanageable assortment of individualized factual inquiries"); *see also Radfar v. Rockville Auto Group LLC*, 2018 WL 2972485, at *5 (D. Md. 2018)(citing *Archer* court's reference to unmanageability in support of decision to deny conditional certification); *Syrja v. Westat, Inc.*, 756 F. Supp.2d 682, 688-90 (D. Md. 1989)(denying conditional certification based on manageability concerns and observing that while some courts have opted to defer manageability concerns until later stages of an FLSA case, others have exercised their discretion to consider manageability at the conditional-certification stage).

Helion's counterclaim against Toomey is unquestionably a manageability stressor. It will involve credibility battles relating to where Toomey was on dozens of days, and during dozens of

time frames on particular days, when he was supposedly working. Such credibility battles, especially concerning a representative plaintiff, are a distraction from claims of other plaintiffs who are not accused of dishonesty.

Willis' exit from this case would also adversely affect manageability because it leaves no representative plaintiff for one of the job positions (Desktop Technician) as to which Plaintiffs' seek conditional certification.

These manageability hurdles compound other factors disfavoring conditional certification, including:

1. The fact that Helion has asserted against the other Plaintiffs in this case, namely, Johnson and Phelan, affirmative defenses that will themselves require detours into issues other than whether they worked and were properly paid for overtime hours. (More specifically, Helion has alleged, as its fourth affirmative defense, that "[i]n negligent, grossly negligent, and/or fraudulent dereliction of his responsibilities, Johnson approved payments totaling in excess of $100,000 dollars to contractors for work that was not necessary or was not performed," ECF No. 41, at 14, and, as its Tenth Defense, that "[Phelan] performed his duties as Systems Support Technician in a negligent and/or grossly negligent manner, thereby causing various emergency system-down emergencies at automotive dealerships operated by Helion client[s] and causing Helion financial damage associated with devoting resources to those emergencies." ECF No. 41, at 15.)

2. The fact that this case will require a jury to resolve whether certain of the Plaintiffs were exempt before addressing the issue of whether they worked and were properly compensated for overtime. While Plaintiffs may argue otherwise, this Court has considered the need for individualized determinations regarding whether certain plaintiffs are exempt as a factor

disfavoring conditional certification. *See Radfar*, *supra*, 2018 WL 2972485, at *5 (denying conditional certification because "[it] is inappropriate where the claims require 'substantial individualized determinations for each class member'" and "[p]laintiff's claims will implicate distinct questions of law and fact as to whether he is exempt from FLSA's minimum wage and overtime protections")(quoting *Archer*, *supra*, 2013 WL 93320, at *4); *Szalczyk v. CBC National Bank*, 2017 WL 86014, at *4 (D. Md. Jan. 10, 2017)(denying conditional certification for employees having "significant distinctions between their respective job duties" because those differences created a distinct legal issue as to whether the employees were exempt under FLSA).

      3.      The fact that in response to Plaintiffs' attempt in their Motion Memorandum to homogenize the four positions at issue as manual labor jobs requiring no computer expertise, Helion has set forth in its Opposition Memorandum detailed descriptions of those positions, demonstrating that the positions differ materially in terms of job duties and requisite expertise and training.[2] In this regard, Helion recognizes that positions need not be identical to be similarly situated. At the same time, however, this Court has stated that "potential class members are not similarly situated when the members do not share similar job responsibilities." *See Radfar*, *supra*, 2018 WL 2972485, at *5. The positions at issue here involve materially different duties and ranges of expertise, differences which are reflected in the differing compensation rates that applied to them and the fact that there were treated differently relative to exempt/non-exempt status.

      4.      The undisputed fact that Plaintiff treated certain of the job positions at issue as exempt and certain others as non-exempt for part or all of the relevant time period and the related undisputed fact that, by Plaintiffs' own acknowledgement, Helion paid overtime compensation to

---

[2] Contrary to Plaintiffs' suggestion otherwise, Helion hasn't merely trotted out job descriptions, but rather has provided the Court with detailed descriptions of the duties that individuals occupying the job positions at issue actually performed during the relevant time frame.

individuals occupying certain of the job positions at issue. These facts not only adversely impact manageability, but also undermine Plaintiffs' assertion that there is evidence of a common plan or scheme to unlawfully avoid paying overtime compensation to persons occupying those job positions.

5. While Plaintiffs assert that "[t]hey have all attested that th[e alleged] unlawful policy impacted all of Defendant's technicians at some point within the statutory period," the truth is that, from an evidentiary standpoint, Plaintiffs have not adduced facts supporting an inference that the alleged unlawful policy was at work during the statutory period, given that:

a. The Dorsey Affidavit and the Affidavits of former-Plaintiff Matthew Willis and Plaintiffs Phelan and Johnson demonstrate that at least two of the alleged overtime-causing factors to which Plaintiffs refer (specifically, 7:55 a.m. meetings and after-hour ticket-closing parties) had ceased by February 1, 2016 (*see* Opposition Memorandum at 18-20), and Plaintiffs do not assert otherwise in their Reply Memorandum.

b. The Dorsey Affidavit demonstrates that Helion did not apply any uniform on-call policy to the job positions at issue during the statutory period, thereby undermining Plaintiffs' suggestion that there was a uniform on-call policy that caused them to work overtime.

c. While Plaintiffs have referred in their Motion Memorandum to certain other alleged overtime-causing factors (specifically, an alleged insufficient number of technicians, an alleged need to work after business hours to perform work, clients in different times zones, and an alleged need to travel to Client locations (Motion Memorandum at 9-10)), none of the affidavit paragraphs which Plaintiffs have cited as support for the existence of those factors specifies a time period when those factors allegedly existed. Those affidavit paragraphs thus do not support an inference that those factors existed during the statutory period, especially given the evidence that

the 7:55 a.m. meetings and after-hour ticket-closing parties to which Plaintiff referred, without ascribing any dates to those meetings and parties, have turned out to be practices that ceased by early 2016.

    Helion respectfully submits that for the reasons set forth herein and in its Opposition Memorandum, Plaintiff's motion for conditional certification should be denied.

                                  Respectfully submitted,

                                  /s/ Paul F. Evelius
                          Paul F. Evelius (Federal Bar No. 05754)
                          Marc A. Campsen (Federal Bar No. 29791)
                          Wright, Constable & Skeen, LLP
                          7 Saint Paul Street, 18th Floor
                          Baltimore, Maryland 21202
                          (410) 659-1302
                          (410) 659-1350 (Fax)
                          *Counsel for Defendant*

## *CERTIFICATE OF SERVICE*

I HEREBY CERTIFY that on this 15th day of July, 2019 a copy of the foregoing Supplemental Memorandum was served by CM/ECF upon the following:

Benjamin L. Davis, III, Esq.
bdavis@nicholllaw.com
George E. Swegman, Esq.
gswegman@nicholllaw.com
The Law Offices of Peter T. Nicholl
36 South Charles Street
Suite 1700
Baltimore, Maryland 21201

*Counsel for Plaintiffs*

                                              /s/ Paul F. Evelius
                                    Paul F. Evelius (Federal Bar No. 05754)