IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

TYLER JOHNSON, et al., :
Individually and on behalf of
similarly situated employees :

v. : Civil Action No. DKC 18-3276

:

HELION TECHNOLOGIES, INC.
:

**MEMORANDUM OPINION**

Presently pending in this employment collective action is the joint motion for approval of acceptance of offer of judgment and entry of judgment filed by Defendant Helion Technologies, Inc., and Plaintiff Tyler Johnson. (ECF No. 45). The issues have been briefed, and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, the motion will be denied without prejudice.

**I. Background**

Plaintiffs, Tyler Johnson and James Phelan, filed a complaint on behalf of themselves and those that are similarly situated on October 23, 2018. (ECF No. 1). The complaint alleges that Defendant "improperly classified them as exempt employees and/or failed to pay them overtime wages in violation of the" Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*; the Maryland Wage and Hour Law ("MWHL"), Md.Code Ann., Lab. & Empl. § 3-401, *et seq.*; and the Maryland Wage Payment and

Collection Law ("MWPCL"), Md. Code, Lab. & Emp. § 3-501 *et seq.* (ECF No. 45-1, at 2).

On August 12, 2019, Defendant's counsel sent Plaintiff Johnson's counsel an Offer of Judgment. (ECF No. 45-1, at 2). The offer proposed "to allow judgment to be entered against Defendant, and in favor of Plaintiff Johnson, in the total amount of $31,500.00, inclusive of attorneys['] fees and costs, $5,250.00 of which shall be wages, $5,250 of which shall be liquidated damages, and $21,000 of which shall be attorneys['] fees[.]" (ECF No. 45-2, at 1). Plaintiff Johnson, through counsel, accepted the offer on the same day. (ECF No. 45-1, at 2). Plaintiff Johnson's acceptance "indicate[d] that it is conditioned on [Defendant] dismissing with prejudice the action which [Defendant] has initiated against [Plaintiff Johnson] in the Circuit Court for Baltimore County, *Helion Technologies, Inc. v. Johnson*, Case No. 03-C-18-012051 (the 'State Court Action'), and [Defendant] has agreed to that condition."[1] (*Id.*)

---

[1] The court accepts the parties' joint representation that the dismissal of the State Court Action is a condition of Plaintiff Johnson's acceptance, but notes that the exhibit attached to the motion does not include the condition. *See* ECF No. 45-2. Additionally, the parties should note that "[t]o be effective, the acceptance must be unconditional." Statutory Offer of Judgment (Rule 68), Rutter Group Prac. Guide Fed. Civ. Proc. Before Trial (Nat Ed.) Ch. 15-D.

2

## II. Analysis

Judge Hazel outlined the proper interplay between the FLSA and Rule 68 in *Banegas v. Gen. Lawn Serv. Corp.*, No. 13-cv-3728-GJH, 2014 WL 12740666, at *1 (D.Md. July 17, 2014):

> Federal Rule of Civil Procedure 68(a) instructs the court to enter judgment after receiving an accepted offer of judgment. However, the [FLSA] . . . does not permit settlement or compromise except with (1) supervision by the Secretary of Labor or (2) a judicial finding that the settlement reflects "a reasonable compromise of disputed issues" rather than "a mere waiver of statutory rights brought about by an employer's overreaching." *Lynn's Food Stores, Inc. v. U.S.*, 679 F.2d 1350, 1354 (11th Cir. 1982); *see also Lopez v. NTI, LLC*, 748 F.Supp.2d 471 (D.Md. 2010) (explaining that courts assess FLSA settlements for reasonableness). Accordingly, the FLSA modifies Rule 68(a) such that in claims filed under the FLSA, the court will enter judgment when presented with an offer and acceptance only after the court is satisfied that the settlement is a reasonable compromise.

Although the United States Court of Appeals for the Fourth Circuit has not directly addressed the factors to be considered in deciding whether to approve such settlements, district courts in this circuit typically employ the considerations set forth by the United States Court of Appeals for the Eleventh Circuit in *Lynn's Food Stores*. *See, e.g.*, *Duprey v. Scotts Co. LLC*, 30 F.Supp.3d 404, 407-08 (D.Md. 2014); *Lopez*, 748 F.Supp.2d at 478. An FLSA settlement generally should be approved if it reflects

3

"a fair and reasonable resolution of a *bona fide* dispute over FLSA provisions." *Lynn's Food Stores*, 679 F.2d at 1355. Thus, as a first step, the *bona fides* of the parties' dispute must be examined to determine if there are FLSA issues that are "actually in dispute." *Id. at 1354.* Then, as a second step, the terms of the proposed settlement agreement must be assessed for fairness and reasonableness, which requires weighing a number of factors, including:

> (1) the extent of discovery that has taken place; (2) the stage of the proceedings, including the complexity, expense and likely duration of the litigation; (3) the absence of fraud or collusion in the settlement; (4) the experience of counsel who have represented the plaintiffs; (5) the opinions of counsel . . . ; and (6) the probability of plaintiffs' success on the merits and the amount of the settlement in relation to the potential recovery.

*Hackett v. ADF Rest. Investments*, 259 F.Supp.3d 360, 365 (D.Md. 2016) (quoting *Saman v. LBDP, Inc.*, No. 12-cv-1083-DKC, 2013 WL 2949047, at *3 (D.Md. June 13, 2013)); *see also Duprey*, 30 F.Supp.3d at 408, 409. Finally, where a proposed settlement of FLSA claims includes a provision regarding attorneys' fees, the reasonableness of the award must also "be independently assessed, regardless of whether there is any suggestion that a 'conflict of interest taints the amount the wronged employee recovers under a settlement agreement.'" *Lane v. Ko-Me, LLC*,

4

No. 10-cv-2261-DKC, 2011 WL 3880427, at *3 (Aug. 31, 2011) (citation omitted).

### A. *Bona Fide* Dispute

"In deciding whether a *bona fide* dispute exists as to a defendant's liability under the FLSA, courts examine the pleadings in the case, along with the representations and recitals in the proposed [ ] agreement." *Duprey*, 30 F.Supp.3d at 408. Here, there is a *bona fide* dispute. Plaintiff Johnson "initiated this action because he believed that [Defendant] owed him overtime compensation for ten to thirty hours of overtime each week." (ECF No. 45-1, at 4). Defendant "reviewed its internal records and determined that. . . it did not owe [Plaintiff Johnson] any overtime compensation and that, even assuming it owed [Plaintiff Johnson] any overtime compensation, the amount owed was less than $2,500.00." *Id.* Thus, a *bona fide* dispute exists.

### B. Fairness & Reasonableness

Upon review of the parties' submissions and after considering the relevant factors, the offer of judgment appears to be a fair and reasonable compromise of the parties' *bona fide* dispute. Plaintiff Johnson "believed that [Defendant] owed him overtime compensation for ten to thirty hours of overtime each week[,]" but did not specifically allege the total number of overtime hours he worked or the compensation value of those

hours.  (ECF No. 45-1, at 4).  Defendant alleges that "the maximum amount of overtime compensation that it could possibly owe [Plaintiff Johnson], given his rate of pay, was under $2,500." (*Id.*)  The parties agree that $10,500 ($5,250 in wages and $5,250 in liquidated damages) is "an amount that exceeds, by a factor of approximately [five]," "the sum of the amounts which [Plaintiff Johnson] could possibly recover[.]"  (*Id.* at 4-5.) Defendant also agreed to dismiss its state court action against Plaintiff Johnson with prejudice, which the parties believe enhances "[t]he fairness of the proposed resolution."  (*Id.* at 5.)

Other relevant factors support the fairness and reasonableness of the offer of judgment.  The parties note that "[b]y avoiding a formal discovery period, monies and resources that may otherwise have been consumed by the litigation are available for resolution of [Plaintiff Johnson's] claims[.]" (ECF No. 45-1, at 5).  Counsel for both parties "are experienced in this type of matter[]" and "have had sufficient opportunity to review the pleadings, gather information, negotiate, and advise their clients of the risks associated with continuing litigation." (*Id.* at 5-6).  Finally, "[t]here is no evidence of fraud or collusion on the part of either [p]arty." (*Id.*)  Thus, the $10,500 offer of judgment appears to be a fair and reasonable compromise of the parties' *bona fide* dispute.

### C. Attorneys' Fees and Costs

Finally, attorneys' fees and costs must also be assessed for reasonableness. To assess "the reasonableness of the fee, courts typically refer to the principles of the traditional lodestar method as a guide[.]" *Hackett*, 259 F.Supp.3d at 367 (internal citations omitted). The starting point in the lodestar calculation is multiplying the number of hours reasonably expended by a reasonable hourly rate. *Robinson v. Equifax Info. Servs., LLC*, 560 F.3d 235, 243 (4th Cir. 2009). "An hourly rate is reasonable if it is 'in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.'" *Duprey*, 30 F.Supp.3d at 412 (quoting *Blum v. Stenson*, 465 U.S. 886, 890 n.11 (1984)). This court has established presumptively reasonable rates in Appendix B to its Local Rules.

The parties do not provide any information to support the requested $21,000.00 attorneys' fees and costs. (ECF No. 45-1, at 5). Instead, they assert "that $21,000.00 is an appropriate amount of attorneys['] fees and costs to allocate to work performed for Mr. Johnson in this matter by his counsel[]" and they conclude that the "amount is reasonable under the circumstances." *Id.* In an earlier joint motion for approval of acceptance of offer of judgment and entry of judgment regarding Plaintiff Matt Willis, (ECF No. 34), the parties stated:

> $6,112.00 is an appropriate amount of attorneys' fees and costs to allocate to work performed for Mr. Willis[] in this matter by his counsel. At the time the [o]ffer was made, a total of 112.88 hours were spent by Plaintiffs' counsel in preparing the case, for a fee total of $24,447.50. Thus, a fee total of $6,112.00, which is a 75% reduction, is reasonable under the circumstances."

(ECF No. 34-1, at 5). The applicability of those estimates to Plaintiff Johnson's matter is unclear. The absence of any additional information prevents the court from assessing the reasonableness of the requested fee.

**III. Conclusion**

For the foregoing reasons, the joint motion for approval of acceptance of offer of judgment and entry of judgment will be denied without prejudice. A separate order will follow.

/s/
DEBORAH K. CHASANOW
United States District Judge
