IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

TYLER JOHNSON, et al., :
Individually and on behalf of
similarly situated employees :

v. : Civil Action No. DKC 18-3276

:
HELION TECHNOLOGIES, INC.
:

**MEMORANDUM OPINION**

Presently pending in this Fair Labor Standards Act ("FLSA") case are: (1) a motion for conditional certification and court-authorized notice filed by Plaintiffs Tyler Johnson, James Phelan, William Toomey, and Matthew Willis ("Plaintiffs") (ECF No. 11); (2) a motion for leave to file an amended complaint filed by Plaintiffs (ECF No. 19); and (3) a motion to consolidate filed by Plaintiffs (ECF No. 22). The issues have been briefed, and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, Plaintiffs' motion to amend will be denied in part and granted in part; Plaintiffs' motion for conditional certification and court-authorized notice will be granted; and Plaintiffs' motion to consolidate will be denied as moot.

I. **Background**

Plaintiff Tyler Johnson ("Plaintiff Johnson") and Plaintiff James Phelan ("Plaintiff Phelan") filed a complaint on behalf of

themselves and those that are similarly situated on October 23, 2018. (ECF No. 1). The complaint alleges that Defendant improperly classified them as exempt employees and failed to pay them overtime wages in violation of the FLSA, 29 U.S.C. § 201 *et seq.*; the Maryland Wage and Hour Law ("MWHL"), Md.Code Ann., Lab. & Empl. § 3-401, *et seq.*; and the Maryland Wage Payment and Collection Law ("MWPCL"), Md.Code Ann., Lab. & Emp. § 3-501 *et seq.* Plaintiff Matt Willis ("Plaintiff Willis") filed a notice of consent to become a party-plaintiff on October 24, 2018. (ECF No. 3). Plaintiff William Toomey ("Plaintiff Toomey") filed a notice of consent to become a party-plaintiff on November 8, 2018. (ECF No. 5).

On December 6, 2018, Defendant filed lawsuits against Plaintiff Johnson and Plaintiff Toomey in Maryland state court. As defendants in those state cases, Johnson and Toomey filed Notices of Removal and removed the state court cases to this court. When the removed actions reached this court, they were filed as separate actions before different judges. A motion to consolidate was filed and one of the judges granted the motion, directing that all future filings be made in the FLSA case. The cases were then all assigned to this member of the bench. The order consolidating the cases was vacated and the lawsuit against Plaintiff Johnson, Civil Action No. 19-0036, was severed from the FLSA case and remanded to the Circuit Court. (ECF No.

33).  The lawsuit against Plaintiff Toomey, Civil Action No. 19-0037, remains pending despite Defendant's filing of its first amended answer and counterclaim.  (ECF No. 41).  The parties submitted supplemental briefing to address the effect of Defendant's counterclaim against Plaintiff Toomey on the pending motion for conditional certification.  (ECF No. 42; ECF No. 44).

Defendant "provides information technology ("IT") support for automobile dealerships. . . across the United States, providing for [its dealership clients] a reliable, efficient, and secure IT network and all troubleshooting assistance necessary to diagnose and resolve problems that arise within that network."  (ECF No. 21-1, at 2 ¶ 2).  Defendant employed Plaintiff Johnson as a Desktop Support Technician and an Outsource Field Specialist.  (ECF No. 11-3).  Defendant employed Plaintiff Phelan as a Systems Support Technician.  (ECF No. 11-5).  Defendant employed Plaintiff Toomey as a Field Technician.  (ECF No. 11-6).  Defendant employed Plaintiff Willis as a Desktop Support Technician.  (ECF No. 11-4).[1]

---

[1] The parties refer to the four positions differently. Plaintiffs refer to the positions as Desktop Support Technicians/Engineers, Systems Support Technicians/Engineers, Outsource Field Department Technicians/Specialists, and Field Service Technicians/Engineers.  (ECF No. 19-1, at 20 ¶ 106). Defendant refers to the positions as Desktop Engineer, Systems Engineer, Outsource Field Specialist, and Field Engineer.  (ECF No. 21, at 4 n.2).  The court will refer to the positions as Desktop Support Technician, Systems Support Technician, Outsource Field Specialist, and Field Technician.

On April 26, 2019, Plaintiff Willis and Defendant jointly moved for approval of acceptance of offer of judgment and entry of judgment. (ECF No. 34). On May 9, 2019, the court granted the joint motion and entered judgment in favor of Plaintiff Willis and against Defendant "in the amount of $2,850.00 in wages, $2,850.00 in liquidated damages, and $6,112.00 in attorneys' fees and costs[.]" (ECF No. 36, at 1–2). The parties' supplemental briefing also addressed the effect of Plaintiff Willis's acceptance of the offer of judgment on the pending motion for conditional certification. (ECF No. 42; ECF No. 44).

On August 20, 2019, Plaintiff Johnson and Defendant jointly moved for approval of acceptance of offer of judgment and entry of judgment. (ECF No. 45). The parties requested that the court approve Plaintiff Johnson's acceptance of Defendant's offer of judgment and enter judgment in favor of Plaintiff Johnson and against Defendant "in the amount of $5,250.00 in wages, $5,250.00 in liquidated damages, and $21,000.00 in attorneys' fees and costs." (ECF No. 45-1, at 1). The parties also indicated that Plaintiff Johnson's acceptance was "conditioned on [Defendant] dismissing with prejudice the action which [Defendant] has initiated against [Plaintiff Johnson] in the Circuit Court for Baltimore County. . . and [Defendant] has agreed to that condition." (*Id.*, at 2). The court denied the

4

motion without prejudice because the parties failed to provide any information to support the requested attorneys' fees and costs. (ECF No. 46, at 7–8). Nevertheless, the court decided the presently pending motions with the expectation that the parties will address the joint motion's deficiencies and that Plaintiff Johnson will no longer proceed as a plaintiff in this action.

## II. Motion to Amend

Plaintiffs filed a motion for leave to file an amended complaint on January 28, 2019. (ECF No. 19). A party may amend its pleading once as a matter of course within 21 days after serving it or within 21 days after service of a motion under Rule 12(b), whichever is earlier. Fed.R.Civ.P. 15(a)(1). When the right to amend as a matter of course expires, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed.R.Civ.P. 15(a)(2). Rule 15(a)(2) provides that courts should "freely give leave [to amend] when justice so requires," and commits the matter to the discretion of the district court. *See Simmons v. United Mortg. & Loan Inv., LLC*, 634 F.3d 754, 769 (4th Cir. 2011). Denial of leave to amend is appropriate "*only when* the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999)

(emphasis in original) (quoting *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986)).

Leave to amend may be denied as futile "if the proposed amended complaint fails to satisfy the requirements of the federal rules[,]" including federal pleading standards. *Katyle v. Perm Nat. Gaming, Inc.*, 637 F.3d 462, 471 (4th Cir. 2011) (quoting *United States ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 376 (4th Cir. 2008); *Oroweat Foods Co.*, 785 F.2d at 510 ("Leave to amend, however, should only be denied on the ground of futility when the proposed amendment is clearly insufficient or frivolous on its face." (citations omitted)). A pleading need not contain detailed factual allegations, but the plaintiff must allege enough facts to make the claim appear "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." (citation omitted)). Accordingly, denial of leave to amend is appropriate if the court, taking as true the allegations of the proposed amended pleading, would be compelled to dismiss the action. *See Kellogg Brown & Root*, 525 F.3d at 376.

In the motion for leave to amend, Plaintiffs allege that Defendant filed lawsuits against Plaintiffs Johnson and Toomey

in Maryland state court "for a retaliatory purpose."[2] (ECF No. 19, at 1 ¶ 5). Plaintiffs' motion attaches a Proposed Amended Complaint ("PAC") that alleges Defendant's "claims against Plaintiffs Johnson and Toomey are baseless." (*Id.* at 2, ¶ 9). The PAC also attaches affidavits from Plaintiffs Johnson and Toomey. (ECF No. 19-3; ECF No. 19-4).

Defendant challenges Plaintiff's motion on two grounds: (1) amendment would be futile; and, (2) amendment would be duplicative of the counterclaims raised by Plaintiffs Johnson and Toomey in the state court cases. (ECF No. 23, at 3–11).

Plaintiffs' motion to amend the complaint to include allegations that Defendant filed the lawsuit against Plaintiff Johnson for a retaliatory purpose will be denied. The parties represented to the court that Plaintiff Johnson accepted an offer of judgment and that Defendant agreed to dismiss its action against Plaintiff Johnson. (ECF No. 45-1, at 1–2). Plaintiff Johnson will not be proceeding in the case and the proposed amendments are moot with respect to him.

---

[2] "Plaintiffs also seek to amend the Complaint to add the names of those who have filed their consent forms to become Party Plaintiffs." (ECF No. 19, at 2 ¶ 10). Defendant "*does* consent to the filing of an amended complaint that would add those names." (ECF No. 23, at 3 n.2) (emphasis in original). Plaintiff Willis and Plaintiff Toomey filed notices of consent. (ECF No. 3; ECF No. 5). Plaintiff Willis subsequently accepted an offer of judgment and the court approved the offer. (ECF No. 36). Plaintiffs may amend the complaint to add Plaintiff Toomey.

7

Defendant's first argument contends that amendment is futile because the PAC fails to allege adequately that Defendant's counterclaim against Plaintiff Toomey lacks a reasonable basis in fact or law. (ECF No. 23, at 4). Defendant's amended answer and counterclaim alleged that Plaintiff Toomey's job responsibilities included "visiting automobile dealerships owned by [Defendant's] clients and providing services at those dealerships on behalf of [Defendant.]" (ECF No. 41-1, at 19 ¶ 5). Defendant elaborated that it assigned a vehicle to Plaintiff Toomey and Plaintiff Toomey agreed to "use the [v]ehicle only for purposes of performing" his responsibilities. (*Id.*) Defendant alleges that despite Plaintiff Toomey's representation that he "would use the [v]ehicle only for purposes of performing [his responsibilities,]" Plaintiff Toomey "drove the [v]ehicle thousands of miles on personal frolics having nothing to do with his duties[.]" (*Id.* at 20, ¶¶ 6–8). Defendant's counterclaim raised a breach of contract claim. (*Id.* at 20–21).

In the PAC, "Plaintiff Toomey. . . denies a contract of employment with Defendant ever existed[]" and "that he ever used Defendant's vehicle for personal frolics[.]" (ECF No. 19-2, at 19 ¶¶ 102-103). The PAC attaches a declaration from Plaintiff Toomey, in which he states that he "never signed a contract of

employment with Defendant" and he "did not use Defendant's vehicle for personal frolics." (ECF No. 19-4, at 2 ¶¶ 7–8).

Defendant argues that the PAC's allegations "are not only conclusory, but also false[.]" (ECF No. 23, at 10). Defendant attaches the affidavit of Defendant's Vice President of Human Resources to attempt to prove Plaintiff Toomey "used the vehicle assigned to him for numerous personal frolics[.]" (*Id.* (citing ECF No. 23-3, at 4-7 ¶¶ 8, 10–11)). Defendant maintains that "absent a judgment determining that the [counterclaim is] without merit, the PAC could not possibly allege that [it lacks] a reasonable basis in law or fact." (*Id.* at 11).

Plaintiffs criticize Defendant's reliance "on outside testimony and exhibits" and conclude "Defendant is not actually challenging the facial plausibility of the allegations in the. . . PAC, but rather the merits." (ECF No. 28, at 6). Plaintiffs contend that Defendant is improperly requesting the court "to resolve factual disputes[]" and emphasize that "the 'futility' standard that governs amendments of pleadings does not permit consideration of materials outside the amended complaint." (*Id.* at 6–7).

"A plaintiff asserting a prima facie claim of retaliation under the FLSA must show that[:] (1) he engaged in an activity protected by the FLSA; (2) he suffered adverse action by the employer subsequent to or contemporaneous with such protected

9

activity; and (3) a causal connection exists between the employee's activity and the employer's adverse action." *Darveau v. Detecon, Inc.*, 515 F.3d 334, 340 (4th Cir. 2008). An employee suffers an adverse action by the employer when an employer files a lawsuit against the employee with a retaliatory motive and without a reasonable basis in fact or law. *Darveau*, 515 F.3d at 343. Plaintiffs' PAC includes factual allegations, not merely legal conclusions, that attack the basis of Defendant's counterclaim. Plaintiff Toomey contends that no contract, oral or written, existed with Defendant and that he did not use the vehicle for personal frolics. These allegations are more than bare conclusions that Defendant's counterclaim is baseless. *See Espinoza v. Mex-Am Café, LLC*, No. 14-cv-0030-NCT, 2015 WL 5431949, at *7 (D.Md. Sept 15., 2015).

Defendant's second argument is also unavailing. Defendant contends that the proposed amendment is duplicative of Plaintiff Toomey's counterclaim in the pending state court case. (ECF No. 23, at 11). However, Plaintiff removed that case to this court and Defendant subsequently amended its answer and included a counterclaim against Plaintiff Toomey. (ECF No. 41). Plaintiff Toomey's proposed amendment is not duplicative of any counterclaim currently proceeding.

Plaintiffs' motion to amend the complaint to include allegations that Defendant filed the lawsuit against Plaintiff Toomey for a retaliatory purpose will be granted.

### III. Motion for Conditional Certification and for Court-Facilitated Notice

"Under the FLSA, plaintiffs may maintain a collective action against their employer for violations under the act pursuant to 29 U.S.C. § 216(b)." *Quinteros v. Sparkle Cleaning, Inc.*, 532 F.Supp.2d 762, 771 (D.Md. 2008). Section 216(b) provides, in relevant part, as follows:

> An action. . . may be maintained against any employer. . . in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

"This provision establishes an 'opt-in' scheme, whereby potential plaintiffs must affirmatively notify the court of their intentions to be a party to the suit." *Quinteros*, 532 F.Supp.2d at 771 (citing *Camper v. Home Quality Mgmt., Inc.*, 200 F.R.D. 516, 519 (D.Md. 2000).

When deciding whether to certify a collective action under the FLSA, courts generally follow a two-stage process. *Syrja v. Westat, Inc.*, 756 F.Supp. 2d 682, 686 (D.Md. 2010). In the first stage, commonly referred to as the notice stage, the court

makes a "threshold determination of 'whether the plaintiffs have demonstrated that potential class members are similarly situated,' such that court-facilitated notice to the putative class members would be appropriate." *Id.* (quoting *Camper*, 200 F.R.D. at 519). In the second stage, following the close of discovery, the court conducts a "more stringent inquiry" to determine whether the plaintiffs are in fact "similarly situated," as required by § 216(b). *Rawls v. Augustine Home Health Care, Inc.*, 244 F.R.D. 298, 300 (D.Md. 2007). At this later stage, referred to as the decertification stage, the court makes a final decision about the propriety of proceeding as a collective action. *Syrja*, 756 F.Supp.2d at 686 (quoting *Rawls*, 244 F.R.D at 300). Plaintiffs here have moved for conditional certification of a collective action and they have requested court-facilitated notice to potential opt-in plaintiffs.

"Determinations of the appropriateness of conditional collective action certification. . . are left to the court's discretion." *Syrja*, 756 F. Supp.2d at 686; *see also Hoffman-La Roche, Inc. v. Sperling*, 493 U.S. 165, 169 (1989). The threshold issue in determining whether to exercise such discretion is whether Plaintiffs have demonstrated that potential opt-in plaintiffs are "similarly situated." *Camper*, 200 F.R.D. at 519 (quoting 29 U.S.C. § 216(b)). "Similarly situated" does not mean "identical." *Bouthner v. Cleveland*

12

*Constr., Inc.*, No. RDB-11-0244, 2012 WL 738578, at *4 (D.Md. Mar. 5, 2012) (citing *Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208, 1217 (11th Cir. 2001)). Rather, a group of potential FLSA plaintiffs is "similarly situated" if its members can demonstrate that they were victims of a common policy, scheme, or plan that violated the law. *Mancia v. Mayflower Textile Servs. Co.*, No. 08-cv-0273-CCB, 2008 WL 4735344, at *3 (D.Md. Oct. 14, 2008); *Quinteros*, 532 F.Supp.2d at 772. To satisfy this standard, plaintiffs generally need only make a "relatively modest factual showing[]" that such common policy, scheme, or plan exists. *Marroquin v. Canales*, 236 F.R.D. 257, 259 (D.Md. 2006). The standard is "fairly lenient[,]" and "typically results in 'conditional certification' of a representative class." *Robinson v. Empire Equity Group, Inc.*, No. 09-cv-1603-WDQ, 2009 WL 4018560, at *2 (D.Md. Nov. 18, 2009) (quoting *Yeibyo v. E-Park of DC, Inc.*, No. 07-cv-1919-DKC, 2008 WL 182502, at *7 (D.Md. Jan. 18, 2008)).

To meet this burden and demonstrate that potential class members are "similarly situated," Plaintiffs must set forth more than "vague allegations" with "meager factual support" regarding a common policy to violate the FLSA. *D'Anna v. M/A COM, Inc.*, 903 F.Supp. 889, 894 (D.Md. 1995); *Bouthner*, 2012 WL 738578, at *4. Their evidence need not, however, enable the court to determine conclusively whether a class of "similarly situated"

13

plaintiffs exists, *Bouthner*, 2012 WL 738578, at *4, and it need not include evidence that the company has a formal policy of refusing to pay overtime, *Quinteros*, 532 F.Supp.2d at 772. Plaintiffs may rely on "[a]ffidavits or other means," such as declarations and deposition testimony, to make the required showing. *Williams v. Long*, 585 F.Supp. 2d 679, 684-85 (D.Md. 2008); *Essame v. SSC Laurel Operating Co.*, 847 F.Supp.2d 821, 825 (D.Md. 2012).

Plaintiffs seek to certify conditionally the following class:

> All persons who worked as Desktop Support Technicians/Engineers, Systems Support Technicians/Engineers[,] Outsource Field Department Technicians/Specialist[s][,] and Field Service Technicians/Engineers, or in other positions with similar job duties, for Defendant at any time during the last three years prior to the filing of this Complaint through the entry of judgment (the 'FLSA Collective'), and were compensated on a salary basis.

(ECF No. 19-1, at 20 ¶ 106).[3] Plaintiffs contend that "[t]he duties and responsibilities of [Desktop Support Technicians, Systems Support Technicians, Outsource Field Specialists, and Field Technicians] were substantially similar." (ECF No. 11-1, at 2). They argue that "[t]heir tasks centered on manual labor

---

[3] The citation to the PAC reflects that the court will grant Plaintiffs' motion to amend. The initial complaint did not include Field Service Technicians in the proposed collective class. *Compare* ECF No. 1 at 15, ¶83 *with* ECF No. 19-1 at 20, ¶106.

14

and routine technical and service work." (*Id.*) Plaintiffs argue that they are similarly situated to other technicians employed by Defendant because they "performed similar duties, worked similar schedules[,] and were paid in the same manner." (*Id.* at 6).

Defendant argues that the four positions do not have similar responsibilities, that Defendant compensated the four positions differently, and that Plaintiffs' declarations are conclusory and lack foundation. (ECF No. 21, at 3–17). Defendant also argues that conditional certification is inappropriate because the parties' contrasting positions on whether the positions are exempt under the FLSA "could lead to discrete battles. . . regarding whether each of the positions can lawfully be treated as exempt, but also whether certain individuals who served in a particular position were exempt and others were non-exempt." (*Id.* at 18). Defendant also raises an argument that potential plaintiffs serving as Desktop Support Technicians cannot be similarly situated "to anyone serving in the other positions at issue because the statute of limitations on any claim that any [Desktop Support Technicians]. . . could hypothetically have will expire by February 2019[]" because Defendant converted Desktop Support Technicians from exempt, salary employees to non-exempt, hourly employees in February 2016. (*Id.* at 5, 18). Defendant also contends that it

15

discontinued certain of the practices Plaintiffs describe to support their assertion that they worked overtime. (*Id.* 18-20). Defendant also contends that its counterclaim against Plaintiff Toomey and Plaintiff Willis's acceptance of an offer of judgment (and, presumably, Plaintiff Johnson's acceptance of an offer of judgment) counsel against conditional certification because they present manageability concerns. (ECF No. 42, at 1-3).

The "salient flaw" in Defendant's various arguments is that they "delve[] too deeply into the merits of the dispute; such a steep plunge is inappropriate for such an early stage of a FLSA collective action." *Essame*, 847 F.Supp.2d at 826. Here, Plaintiffs have made a modest factual showing that they are similarly situated to other technicians who worked for Defendant. Plaintiffs submitted declarations that despite their different job titles, their job responsibilities were largely the same. Defendant attacks these declarations as conclusory, lacking foundation, and self-serving, but district courts in this circuit consider declarations when deciding motions for conditional certification and "credibility determinations are usually inappropriate for the question of conditional certification." *Id.* at 825; *see also Butler v. DirectSAT USA, LLC*, 876 F.Supp.2d 560, 571 (D.Md. 2012). Moreover, although Defendant distinguishes between the positions, "plaintiffs can be similarly situated even though there are distinctions in

16

their job titles, functions, or pay." *Robinson v. Empire Equity Group, Inc.*, No. 09-cv-1603-WDQ, 2009 WL 4018560, at *3 (D.Md. Nov. 18, 2009). A "fact-intensive inquiry" into the distinctions in job responsibilities alleged by Defendant "is inappropriate at the notice stage, as Plaintiff[s] [are] seeking only conditional certification." *Long v. CPI Sec. Sys., Inc.*, 292 F.R.D. 296, 303 (W.D.N.C. 2013). Defendant's manageability arguments are similarly premature. *See id.* at 303 (rejecting Defendant's argument "that its separate and particularized compensation plans for each of its classifications will mandate highly individualized inquiries into each plaintiff's claim[]" because "[t]his type of class manageability argument. . . is more appropriate at the motion to decertify phase[]"); *Robinson*, 2009 WL 4018560, at *4 (rejecting as premature Defendant's argument "that a collective suit is inappropriate because the individualized inquiries into each [prospective plaintiff's] exempt status will render the action unmanageable").

Finally, Helion's manageability argument regarding its counterclaim against Plaintiff Toomey merits additional comment. As Chief Judge Bredar noted, several courts "have been hesitant to permit an employer to file counterclaims in FLSA suits for money the employer claims the employee owes it, or for damages the employee's tortious conduct allegedly caused[,]" because "clutter[ing] these proceedings with the minutiae of other

employer-employee relationships would be antithetical to the purposes of the" FLSA. *Yassa v. EM Consulting Gp., Inc.*, 261 F.Supp.3d 564, 566 (D.Md. 2017) (citations and quotation marks omitted). Allowing an employer to avoid conditional certification by counterclaiming against its employees would be similarly antithetical to the FLSA. Plaintiffs' motion for conditional certification will be granted.

Plaintiff requests that the court order:

> Defendant to produce a list of all persons employed by Defendant as Desktop Support Technicians/Engineers, Systems Support Technicians/Engineers, Outsource Field Department Technicians/Specialists, and Field Service Engineers, or in other positions with similar job duties, at any time during the applicable statutory period, including each person's name, job title, last known address and telephone number, last known personal email address, dates of employment, location[s] of employment and social security number (last four digits only)[.]

(ECF No. 11, at 1). Defendant objects to this request and contends:

> Plaintiffs have provided no specification whatsoever as to what those "other positions with similar job duties" might be. It is Plaintiffs' burden to not only identify the job positions as to which conditional certification is sought, but also [to] articulate why those positions are situated similarly to other identified positions. Given the absence of any such identification and description. . . [the court] should reject Plaintiffs' suggestion that any job positions other than the four (4) specific

>           positions referenced in the Motion should be
>           considered with respect for conditional
>           certification."

ECF No. 21, at 1 n.1). Plaintiff replies that the putative class "must include those 'in other positions with similar job duties[]'" because Defendant claimed Plaintiff Johnson was the only Outsource Field Specialist during the relevant time period, despite also "submit[ing] documents showing that there were others performing the same duties." (ECF No. 24, at 8).

Plaintiffs demonstrated that they are similarly situated to other employees working in the four named positions for conditional certification purposes. Defendant should not bear the burden of identifying "other positions with similar job duties." Plaintiffs must endeavor to undertake a discussion with Defendant about how to describe the job duties common to the four named positions. For example, the parties may agree that Defendant should identify all persons employed by Defendant to provide computer installation and network support services to Defendant's clients, on site at a client's location or remotely, and who received assignments to provide such services through digital tickets, including Desktop Support Technicians, Systems Support Technicians, Outsource Field Specialists, and Field Technicians. Plaintiff did not submit a proposed notice. The court will order the parties to attempt to draft an acceptable notice and notification plan and to attempt to resolve their

19

disagreement regarding the identification of other employees outside the named positions.

## IV. Motion to Consolidate

Plaintiffs filed the motion to consolidate on January 31, 2019. (ECF No. 22). On March 15, 2019, the parties' Joint Status Report noted that "[t]he argument to consolidate *Helion v. Toomey* [No. 19-0037] is now moot." (ECF No. 31, at 2 n.1). Nonetheless, the *Toomey* case, No. 19-0037, remains pending. The parties are directed to notify the court within 28 days whether No. 19-0037 may be dismissed without prejudice. On July 3, 2019, the parties' Joint Status Report noted that the argument to consolidate *Helion v.* Johnson, No. 19-0036 is also now moot. (ECF No. 37, at 2 ¶¶ 2-3). The motion to consolidate will therefore be denied as moot.

## V. Conclusion

For the foregoing reasons, the motion to amend will be denied in part and granted in part; Plaintiffs' motion for conditional certification and court-authorized notice will be granted; and Plaintiffs' motion to consolidate will be denied as moot. A separate order will follow.

/s/
DEBORAH K. CHASANOW
United States District Judge
