IN THE UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF MARYLAND

TYLER JOHNSON, et al.,           :
Individually and on behalf of
similarly situated employees     :

     v.                          :   Civil Action No. DKC 18-3276

                                 :
HELION TECHNOLOGIES, INC.
                                 :

                        **MEMORANDUM OPINION**

    Previously pending in this employment collective action was the joint motion for approval of acceptance of offer of judgment and entry of judgment filed by Defendant Helion Technologies, Inc., and Plaintiff Tyler Johnson. (ECF No. 45). The court denied the motion because the parties failed to provide any information to support the requested attorneys' fees and costs. (ECF No. 46, at 7-8). The parties then jointly filed a supplemental memorandum in support of their joint motion for approval of acceptance of offer of judgment and entry of judgment. (ECF No. 50). The issues have been briefed, and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, the motion, as supplemented, will be granted.

**I.   Background**

    Plaintiffs, Tyler Johnson and James Phelan, filed a complaint on behalf of themselves and those that are similarly situated on October 23, 2018. (ECF No. 1). The complaint alleges that

Defendant "improperly classified them as exempt employees and/or failed to pay them overtime wages in violation of the" Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*; the Maryland Wage and Hour Law ("MWHL"), Md.Code Ann., Lab. & Empl. § 3-401, *et seq.*; and the Maryland Wage Payment and Collection Law ("MWPCL"), Md. Code, Lab. & Emp. § 3-501 *et seq.* (ECF No. 45-1, at 2).

On August 12, 2019, Defendant's counsel sent Plaintiff Johnson's counsel an Offer of Judgment. (ECF No. 45-1, at 2). The offer proposed "to allow judgment to be entered against Defendant, and in favor of Plaintiff Johnson, in the total amount of $31,500.00, inclusive of attorneys['] fees and costs, $5,250.00 of which shall be wages, $5,250.00 of which shall be liquidated damages, and $21,000[.00] of which shall be attorneys['] fees[.]" (ECF No. 45-2, at 1). Plaintiff Johnson, through counsel, accepted the offer on the same day. (ECF No. 45-1, at 2). Plaintiff Johnson's acceptance "indicate[d] that it is conditioned on [Defendant] dismissing with prejudice the action which [Defendant] has initiated against [Plaintiff Johnson] in the Circuit Court for Baltimore County, *Helion Technologies, Inc. v. Johnson*, Case No. 03-C-18-012051 (the 'State Court Action'), and [Defendant] has agreed to that condition." (*Id.*).

## II. Analysis

Judge Hazel outlined the proper interplay between the FLSA and Rule 68 in *Banegas v. Gen. Lawn Serv. Corp.*, No. 13-cv-3728-GJH, 2014 WL 12740666, at *1 (D.Md. July 17, 2014):

> Federal Rule of Civil Procedure 68(a) instructs the court to enter judgment after receiving an accepted offer of judgment. However, the [FLSA] . . . does not permit settlement or compromise except with (1) supervision by the Secretary of Labor or (2) a judicial finding that the settlement reflects "a reasonable compromise of disputed issues" rather than "a mere waiver of statutory rights brought about by an employer's overreaching." *Lynn's Food Stores, Inc. v. U.S.*, 679 F.2d 1350, 1354 (11th Cir. 1982); *see also Lopez v. NTI, LLC*, 748 F.Supp.2d 471 (D.Md. 2010) (explaining that courts assess FLSA settlements for reasonableness). Accordingly, the FLSA modifies Rule 68(a) such that in claims filed under the FLSA, the court will enter judgment when presented with an offer and acceptance only after the court is satisfied that the settlement is a reasonable compromise.

Although the United States Court of Appeals for the Fourth Circuit has not directly addressed the factors to be considered in deciding whether to approve such settlements, district courts in this circuit typically employ the considerations set forth by the United States Court of Appeals for the Eleventh Circuit in *Lynn's Food Stores*. *See, e.g.*, *Duprey v. Scotts Co. LLC*, 30 F.Supp.3d 404, 407-08 (D.Md. 2014); *Lopez*, 748 F.Supp.2d at 478. An FLSA settlement generally should be approved if it reflects "a fair and reasonable resolution of a *bona fide* dispute over FLSA provisions."

*Lynn's Food Stores*, 679 F.2d at 1355. Thus, as a first step, the *bona fides* of the parties' dispute must be examined to determine if there are FLSA issues that are "actually in dispute." *Id.* at 1354. Then, as a second step, the terms of the proposed settlement agreement must be assessed for fairness and reasonableness, which requires weighing a number of factors, including:

> (1) the extent of discovery that has taken place; (2) the stage of the proceedings, including the complexity, expense and likely duration of the litigation; (3) the absence of fraud or collusion in the settlement; (4) the experience of counsel who have represented the plaintiffs; (5) the opinions of counsel. . .; and (6) the probability of plaintiffs' success on the merits and the amount of the settlement in relation to the potential recovery.

*Hackett v. ADF Rest. Investments*, 259 F.Supp.3d 360, 365 (D.Md. 2016) (quoting *Saman v. LBDP, Inc.*, No. 12-cv-1083-DKC, 2013 WL 2949047, at *3 (D.Md. June 13, 2013)); *see also Duprey*, 30 F.Supp.3d at 408, 409. Finally, where a proposed settlement of FLSA claims includes a provision regarding attorneys' fees, the reasonableness of the award must also "be independently assessed, regardless of whether there is any suggestion that a 'conflict of interest taints the amount the wronged employee recovers under a settlement agreement.'" *Lane v. Ko-Me, LLC*, No. 10-cv-2261-DKC, 2011 WL 3880427, at *3 (Aug. 31, 2011) (citation omitted).

The court previously determined that a *bona fide* dispute exists, (ECF No. 46, at 5) and that the offer of judgment appears

to be a fair and reasonable compromise of the parties' *bona fide* dispute (*Id.*, at 5-6). However, the parties failed to provide any information to support the requested $21,000.00 attorneys' fees and costs. (*Id.*, at 7). The court accordingly denied the joint motion for approval of acceptance of offer of judgment without prejudice. (*Id.*, at 7-8). The parties' supplemental briefing addresses the joint motion's deficiencies and the reasonableness of the attorneys' fees and costs may now be assessed.

To assess "the reasonableness of the fee, courts typically refer to the principles of the traditional lodestar method as a guide[.]" *Hackett*, 259 F.Supp.3d at 367 (internal citations omitted). The starting point in the lodestar calculation is multiplying the number of hours reasonably expended by a reasonable hourly rate. *Robinson v. Equifax Info. Servs., LLC*, 560 F.3d 235, 243 (4th Cir. 2009). "An hourly rate is reasonable if it is 'in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.'" *Duprey*, 30 F.Supp.3d at 412 (quoting *Blum v. Stenson*, 465 U.S. 886, 890 n.11 (1984)). This court has established presumptively reasonable rates in Appendix B to its Local Rules.

The parties propose that "$21,000.00 is an appropriate amount of attorney's fees and costs to allocate to work performed on behalf of [Plaintiff] Johnson in this matter." (ECF No. 50, at

1). The parties explain that "[a]t the time the [o]ffer was made, a total of 394.43 hours were spent by Plaintiff[s'] counsel in preparing the case, which equates to $89,975.42 in fees." (*Id.*). The parties elaborate that when they previously negotiated a Rule 68 offer for Plaintiff Willis, they agreed that Defendant would pay one fourth of the fees and costs because there were four plaintiffs in the case. (*Id.*, at 2). They "agreed to abide by the same formula[]" when "negotiating the amount of fees and costs attributable to" Plaintiff Johnson, even though there are now only three plaintiffs in the action and the proper calculation would be to take one third of the fees and costs. (*Id.*). "[A] quarter of the total fee equates to $22,493.86[]" and the parties "further agreed to reduce the [amount] to $21,000.00." (*Id.*). The parties agree that "Plaintiffs' [c]ounsel are recovering only 23.33% of the attorney fees' in this case, when 33.33% of fees are actually attributable to [Plaintiff] Johnson[,]" and that "the discount is reasonable under the circumstances." (*Id.*).

The parties also provide "a breakdown of the attorneys and staff who have worked on this case." (ECF No. 50, at 1). They correctly note that the hourly rates "are in line with Appendix B of the Local Rules[.]" (*Id.*, at 2). The supplementary information supports the conclusion that $21,000.00 is a reasonable amount of

attorney's fees and costs.

## III. Conclusion

For the foregoing reasons, the joint motion for approval of acceptance of offer of judgment and entry of judgment will be granted.  A separate order will follow.

```
                                      /s/
                        DEBORAH K. CHASANOW
                        United States District Judge
```