```
         IN THE UNITED STATES DISTRICT COURT
           FOR THE DISTRICT OF MARYLAND
```

TYLER JOHNSON, et al.           :

         v.                         :   Civil Action No. DKC 18-3276

HELION TECHNOLOGIES, INC.       :

**MEMORANDUM OPINION**

After the resolution of dispositive motions involving the four remaining Plaintiffs in this collective and class action concerning overtime claims against Helion Technologies, Inc., the remaining claims came on for trial before a jury on March 18-28, 2022. Plaintiffs' claims that proceeded to trial were based on Defendant's alleged overtime violations of the Fair Labor Standards Act ("FLSA"), as did the additional claims of Plaintiff Toomey for FLSA retaliation and overtime violations under the Maryland Wage and Hour Law ("MWHL") and the Maryland Wage Payment and Collection Law ("MWPCL"). The parties' outstanding motions in *limine*, (ECF Nos. 116; 126; 127)), which were deferred during a pretrial conference, were resolved at trial.

The court ruled during trial that Mr. Toomey had not produced sufficient evidence of actual emotional distress damages on his retaliation claim. Accordingly, he is entitled to nominal damages of $1.00 on that claim.

The jury returned verdicts on the overtime claims.  It found in favor of Helion on the FLSA claim of Mr. Carroll, concluding that Helion had proven that his position was exempt under the Computer Employee Exemption.  It found that the Field Technician position occupied by the other Plaintiffs was not exempt, and that Helion failed to pay appropriate overtime, but that the violation was not willful.  It awarded various amounts to each limited to the two year look back period.  It also found that Helion had violated the parallel state laws and awarded the same amount to Mr. Toomey for those violations (even though the look back period was three years), and found that he had not proven bad faith, thus precluding liquidated damages.

The issue of whether Plaintiffs were entitled to liquidated damages under the FLSA in an amount equal to their unpaid wages was tried to the court rather than the jury.  After the jury retired to deliberate, the parties presented further argument on the issue.  Pursuant to 29 U.S.C. § 260, "the court may, in its sound discretion, award no liquidated damages or award any amount thereof not to exceed the amount specified in section 216[,]" if "the employer shows to the satisfaction of the court that [its actions were] in good faith and that [it] had reasonable grounds for believing that [its] act or omissions was not a violation" of the FLSA.  Based on the evidence and testimony adduced at trial,

and in line with the findings of the jury, the court declines to award any liquidated damages.  Helion was at all relevant times aware of its obligations under the FLSA and took reasonable steps, including consultation with counsel, to ascertain the parameters of the exemptions in the computer field.  That it was a little late in reclassifying this position is not enough to overcome the indicia of good faith.

Although Mr. Toomey brought parallel claims under the FLSA, MWHL, and MWPCL for unpaid overtime, as noted in *Clancy v. Skyline Grill, LLC,* No. ELH-12-1598, 2012 WL 5409733, at *5 (D.Md. Nov. 5, 2012), *report and recommendation adopted,* No. ELH-12-1598, 2013 WL 625344 (D.Md. Feb. 19, 2013), "a party may not recover twice for one injury, even if the party asserts multiple, consistent theories of recovery."  Therefore, he can only recover damages for unpaid wages once.  The jury awarded identical amounts under the FLSA and state laws, and there will be no liquidated damages awarded under any of the laws.  Mr. Toomey will be awarded a single recovery for unpaid overtime wages.

A separate judgment will be entered in accordance with the foregoing memorandum opinion.

          /s/
DEBORAH K. CHASANOW
United States District Judge